**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4697**

———————

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

CECIL GEORGE ELSWICK, JR., a/k/a George C. Elswick,

> Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (7:09-cr-00053-sgw-1)

———————

Submitted:  March 30, 2011          Decided:  April 11, 2011

———————

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Randy V. Cargill, Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Cecil George Elswick, Jr. pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and unauthorized wearing of the uniform of an officer of the United States Army, in violation of 18 U.S.C. § 702 (2006). On appeal, Elswick argues the district court abused its discretion when it imposed a forty-two month sentence, which was an upward variance from his fifteen-to-twenty-one month advisory Guidelines sentencing range. For the reasons explained below, we affirm the district court's judgment.

First, Elswick, relying on United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006), maintains the district court erred by failing to determine whether a departure sentence was appropriate in this case before considering the imposition of a variant sentence and urges us to treat his sentence as a departure. Elswick's argument is foreclosed by our recent opinion in United States v. Diosdado-Star, 630 F.3d 359 (4th Cir. 2011).

In Diosdado-Star, we recognized that, to the extent that Moreland requires a district court to first consider a departure before deciding whether to vary from the guidelines range, Moreland was overruled by the Supreme Court's decisions in Gall v. United States, 552 U.S. 38 (2007), and Rita v. United

2

States, 551 U.S. 338 (2007).  See Diosdado-Star, 630 F.3d at 366 ("[A]s recognized in Evans, we find that Gall and Rita were superseding contrary decision[s] of the Supreme Court that implicitly overruled the effect, if any, of the language in Moreland . . . that the district court should first look to whether departure is appropriate before varying.")  (internal quotation marks and citation omitted).  Accordingly, we conclude the district court acted within its discretion when it imposed a variant, rather than departure, sentence.

Next, Elswick argues the district court erred by failing to incrementally depart and explain its incremental departure from the Guidelines sentencing range.  See United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007) ("[E]ven where an upward departure . . . is plainly warranted, a sentencing court must depart incrementally, explaining the reasons for its departure.").  However, this requirement for departures does not apply here because, as discussed above, the district court did not impose a departure sentence. Accordingly, this argument is without merit.

Finally, Elswick argues his forty-two month sentence is substantively unreasonable.  Upon appellate review of the substantive reasonableness of a sentence, this Court takes "into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  United States v.

Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Here, the totality of the circumstances amply support the district court's significant upward sentencing variance. The record establishes Elswick has a well-documented, longstanding history of criminal behavior involving fraud, forgery, and passing bad checks. The district court's variant sentence — although a significant deviation from Elswick's advisory Guidelines sentencing range — was carefully crafted to take these facts into consideration.

We conclude Elswick's sentence is reasonable and we therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED